**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

CHEIK DIABY,

                              Defendant.

26 Mag. 1365 (RMB)

**ORDER**

On April 17, 2026, 19 year old Defendant Cheik Diaby was granted bail by Magistrate Judge Katherine H. Parker, following Diaby's arrest and presentment of 3 counts: (1) conspiracy to commit a Hobbs Act robbery; (2) a Hobbs Act robbery; and (3) the use of a firearm during the robbery.[1] On April 23, 2026, the Government moved to continue Defendant's remand on the ground that the Defendant "posed both a danger to the community and a risk of flight." Letter from Jared Hoffman to Hon. Richard M. Berman, dated April 23, 2026, at 1–3, 5.

Following a hearing held today and having considered the parties' written submissions and oral positions and eight conditions of bail developed by Judge Parker, this Court denies the Government's motion for pretrial detention.[2] "In our society [bail] is the norm, and detention

---

[1] The Defendant has been remanded since April 17, 2026.

[2] Judge Parker found that there are conditions that will reasonably assure the Defendant's return to court as required and the safety of the community. Tr. at 37:19–2.

(1)    A $50,000 bond cosigned by two financially responsible persons;
(2)    Pretrial services supervision as directed;
(3)    Home incarceration enforced by GPS location monitoring;
(4)    Defendant's mother and brother to serve as third-party custodians who have agreed to assume supervision and to report any violation of a release condition to the Court;
(5)    Travel restricted to the Southern and Eastern Districts of New York, and surrender all travel documents with a prohibition on new applications;
(6)    No contact, outside the presence of counsel, with co-defendants or others who were in the car at the time of Defendant's prior arrest;
(7)    Mental health evaluation and treatment as directed by Pretrial Services;
(8)    No possessing a firearm, destructive device, or other dangerous weapon.

This Court has suggested an online education or employment program, as well. Def.'s Opp. at 2.

1

prior to trial . . . is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

## I.    BACKGROUND

Defendant, who has no criminal history, was arrested and presented before Judge Parker on April 17, 2026.  *See* Transcript of Presentment at 6:4–24 (Apr. 17, 2026).  The Defendant and a coconspirator allegedly used social media to arrange the purchase of marijuana.  Gov't Mot. at 1.  The victim[s] was directed to a location within the Webster Houses in the Bronx, New York where allegedly "the defendants approached the vehicle, took the marijuana . . . and then escalated the encounter by brandishing a firearm, pointing it at the victims, . . . and forcibly taking additional property, including cash."  *Id.*

## II.    Legal Standard

"[T]he longstanding norm in our justice system [is] that bail is the rule, and few cases are to be exceptions."  *United States v. Speed Joyeros*, 204 F. Supp. 412, 434 (E.D.N.Y. 2000).  To detain a defendant pretrial, the Government must establish by "clear and convincing evidence that the defendant presents a danger to the community . . . [and] by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight."  *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (internal citations omitted).

A district court reviews the magistrate judge bail determination de novo.  *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Where a defendant is charged (under 18 U.S.C. § 924(c)) with the use of a firearm during a crime of violence, "it shall be presumed that no condition or combinations of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e)(3)(B).  Still, a defendant can "rebut that presumption by coming forward with

2

evidence that [the defendant] does not pose a danger to the community or a risk of flight." *See Mercedes*, 254 F.3d at 436.

## III.    Discussion

As Judge Parker concluded, bail is appropriate in this case, together with a series of eight conditions. Among other things, the Defendant's family has endeavored to show that there is a "combination of conditions [that] will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and the community." *See* 18 U.S.C. §§ 3142(e)(1)–(2); *see also* Pretrial Services Report, dated Apr. 17, 2026 (updated Apr. 27, 2026), at 1-2.  The Defendant appears to have strong family support, as demonstrated by the presence of his family members in court.  *Id.*  Importantly, Defendant has no prior criminal history.  Def.'s Opp. at 5–6. Defendant has lived "nearly his entire life" with his family in the Bronx and "[a]ll of [the Defendant's] closest ties are in New York."  *Id.* at 10.  Moreover, "Pretrial Services conducted a home inspection and found his home suitable for home incarceration."  *Id.*  The Defendant has never missed a court date, and his mother and older brother have volunteered to act as third-party custodians to watch over the Defendant and help ensure his appropriate and lawful compliance. *Id.*; Tr. at 28:1–30:22.

The Court finds that the Defendant is able to overcome the need for detention. *See United States v. Disla Ramos*, 22 Cr. 431 (LJL), Dkt. No. 12 at 49:20–25, 50:1–17; *United States v. Torres*, 26 Cr. 09 (PGG), Dkt. No. 3; *United States v. Pena*, 25 Cr. 177 (AT), Dkt. No. 10. The conditions, developed by Judge Parker, including home incarceration and surrender of Defendant's passport, should reasonably help assure the appearance of the Defendant in court and the safety of the community.  18 U.S.C. §§ 3142(e)(1)–(2); *United States v. Nguyen*, 2025

WL 3157750, at *4 (S.D.N.Y. Nov. 12, 2025); *United States v. Stewart*, 2011 WL 5403305, at *4 (W.D.N.Y. Nov. 8, 2011).

### IV.    Conclusion

For the foregoing reasons, Judge Parker's release order is (substantively) affirmed and the Government's motion (for pre-trial detention) is denied.

Date:   April 28, 2026
New York, New York

**RICHARD M. BERMAN, U.S.D.J.**
**Part I**